THE TEXAS COMPANY (P.R.), INC., Petitioner and Appellant, *v.* RAFAEL SANCHO BONET, TREASURER OF PUERTO RICO, Respondent and Appellee.

No. 7603.   Argued April 20, 1938.—Decided July 13, 1938.

*James R. Beverley, R. Castro Fernández* and *José López Baralt* for appellant.   *B. Fernández García, Attorney General,* and *Emilio de Aldrey, Assistant Attorney General,* for appellee.

ON MOTION FOR REHEARING

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The original decision in this case was rendered on the 11th of February last.   52 P.R.R. 637.   The petitioner filed a lengthy motion for reconsideration, and the parties were heard on the same, orally and by brief, on the 20th of the following April.   The questions involved are all worthy of study and we have given to them all the proper consideration, the conclusion having been finally reached that the reconsideration sought does not lie.

The motion deals with two essential points, to wit: admissions from the defendant, and the procedure followed for the collection of the compensations.

As to the first, we have nothing to add to what we said in our opinion of February 11th. We have again considered the stipulation involved and we do not think that it could in fairness be construed as claimed by the plaintiff.

The second point embraces two questions. One of them has reference to the retroactive effect of Act No. 45 of 1935 (Session Laws, p. 250), considered in the light of the provisions of section 34 of that act, in regard to which really no new argument has been advanced by the appellant. The other refers to the procedure to be followed by the Treasurer for the collection of the compensations, and this is the question that made us hesitate and induced us to hear the parties again.

In the said opinion of this court dated February 11, *Texas Co., Inc.* v. *Treasurer*, 52 P.R.R. 637, 646, it was declared:

"The fact that Act No. 45 of 1935 ((1), p. 250) is the one applicable to all cases and not Act No. 85 of 1928 (p. 630), is unimportant because according to both of them the Treasurer can proceed to collect the compensation as if it were an ordinary tax."

The appellant in its motion for rehearing, after transcribing part of section 15 of Act No. 45 of 1935, says:

"In what part of said section and in what form is the Treasurer of Puerto Rico granted lawful authority to collect such compensations by the summary method of distress, attachment, and sale at public auction? That section only says that the Treasurer 'shall collect from the employer such compensation and expenses, both of which shall constitute a lien on all the property of the employer; . . .' The Act of 1928 which the defendant invoked in his aid in the lower court did provide, (by its section 25), that the Treasurer 'shall collect from the employer said compensation plus expenses incurred by it and both such compensation and such expenses shall constitute a lien on all the property of said employer, with the same legal effect and priority as if it were a tax levied on such property. . . .'

"As taxes may be collected by the summary methods, it is clear that according to the 1928 Act compensations, which were given the same legal effect and priority as taxes, could be collected by the summary proceeding. But the fact is that the Act of 1935 does not attach to them such legal effect or priority and only says that the Treasurer shall collect them. This being so, it must be understood that he shall collect them by means of a plenary action."

We think that the applicable law is the Act of 1935 above cited and we must, therefore, be guided by its provisions.

We have seen that it is admitted by the appellant itself that, under the provisions of the former Act—that of 1928— the Treasurer was empowered to collect compensations as if they were taxes, that is, by the special summary proceeding prescribed by the statute. This simplifies matters.

Let us see what the Act of 1928 prescribed. Section 25 thereof, (Session Laws of 1928, p. 662) provided as follows:

"In case of an accident to a laborer while working for an employer who in violation of the law is uninsured, the Industrial Commission shall determine the proper compensation, plus expenses incurred by it, and shall certify its decision to the Treasurer of Puerto Rico who shall assess said compensation, plus expenses, on the employer and collect them from him; and both such compensation and such expenses shall constitute a lien on all the property of said employer, with the same legal effect and priority as if it were a tax levied on such property; . . . ."

Section 15 of the act now in force, that is, the one approved in 1935, (Session Laws, p. 292), provides as follows:

"In case of an accident to a workman or employee while working for an employer who, in violation of law, is not insured, the Manager of the State Fund shall determine the proper compensation plus the expenses in the case, and shall certify its decision to the Treasurer of Puerto Rico who shall collect from the employer such compensation and expenses, both of which shall constitute a lien on all the property of the employer; *Provided,* That said compensation and expenses are hereby declared to be lien preferred over any other charge or lien for taxes or any other cause, with the exception of the mortgage credits, crop loans, and property taxes on the encumbered property

for three years and the current year, burdening the property of the employer when it is attached to secure the said compensation and expenses; . . . .''

In our judgment, there is no doubt that the Act of 1928 authorized the collection by distress proceedings, and we do not think that it could be inferred that the power of the Treasurer to collect the compensation by that method disappeared because of the amendments introduced in the act of 1935.

What is involved is the execution of a final decision made by a certain administrative body in the exercise of its regulated powers after proper consideration of the facts and the law, with a hearing of, or an opportunity to hear, the interested parties, and from which an appeal might have been taken to the courts of justice. By it a certain person or entity was adjudged to pay a certain sum. Both statutes direct that the same be certified to the Treasurer for the enforcement thereof.

The Act of 1928 says: ''who (the Treasurer) shall assess said compensation, plus expenses, on the employer and collect them from him,'' and that of 1935 says: ''who (the Treasurer) shall collect from the employer such compensation and expenses.'' In the Act of 1935 only the word ''assess'' is left out, and correctly so, since the Treasurer never assessed or determined the compensation.

The Act of 1928 further says: ''and both such compensation and such expenses shall constitute a lien on all the property of said employer, with the same legal effect and priority as if it were a tax levied on such property,'' and that of 1935 says: ''both of which shall constitute a lien on all the property of the employer.'' The words ''with the same legal effect and priority as if it were a tax levied on such property'' are omitted, but in their place there is inserted a proviso, thus: ''That such compensation and expenses are hereby declared to be liens preferred over any other charge or lien for taxes or any other cause, with the exception of

the mortgage credits, crop loans, and property taxes on the encumbered property for three years and the current year, burdening the property of the employer when it is attached to secure the said compensation and expenses.''

What was therefore done in 1935 was to render more specific the meaning of the general provision, ''the same legal effect and priority as if it were a tax,'' which appeared in the Act of 1928.

''In interpreting the amendatory statute,'' said the Supreme Court of Arkansas, in *State* v. *Gus Blass Co.*, 105 S.W. (2d) 853, 858, ''we ought to follow the well-established rules of statutory construction, and one of those rules is that, where a statute is re-enacted in substantially the same form as the old one, the presumption should be indulged that the lawmakers intended no changes other than those clearly expressed in the language of the new statute.''

If it is admitted that the Treasurer had the power and the duty to collect the compensation by distress proceeding in 1928, it must necessarily be admitted also that he was still so empowered in 1935.

This power arises from the very fact of the duty imposed. ''The Treasurer shall collect and be the custodian of public funds, . . . and perform such other duties as may be provided by law'' (Section 15 of the Organic Act of 1917).

We have already seen that under both acts, that of 1928 and that of 1935, the duty was imposed upon the Treasurer to collect the compensation in question, the legal effect of which now specifically stated continues to be the same as that of a tax. This duty logically, and as has been uniformly interpreted, is performed by following the procedure established by the Political Code for its exercise, that is, by notice of attachment levied upon the property of the delinquent owner which has the same effect of a judgment against the property attached (section 315 of the Political Code) and sale at public auction of the property in accordance with law (sections 335 to 344 of the Political Code).

In what other way can and must the Treasurer collect sums which he is directed to collect by lawful means? When the Legislature prescribed a different procedure to be followed—that prescribed by Act No. 102 of 1925 (Session Laws, p. 904), in force until 1928—it was not the Treasurer who was charged with such collection but it was provided that the Workmen's Relief Commission, once the amount of the compensation were determined, "should report the same to the Attorney General in order that he institute the proper action, in a court of competent jurisdiction, against the employer to recover said sum."

Although we concede that the Legislature could and should have expressed itself more clearly, the way it acted shows so forcibly its purpose, that we originally felt and still feel justified in holding that the procedure followed by the defendant for the collection of the compensations in the instant case is authorized by law.

The reconsideration sought must be denied.